## Appeal of GILLIAM MANUFACTURING CO.

Docket No. 2810.   Submitted May 5, 1925.   Decided July 10, 1925.

> 1. An adjudication of an issue of fact by the Board is *res adjudicata* as to that fact in subsequent appeals by the same taxpayer.
> 2. A " Rule 50 decision " is such a final decision as to all facts adjudicated therein as will constitute a basis for a plea of *res adjudicata*.

*Jesse I. Miller, Esq.*, for the taxpayer.
*A. H. Murray, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

This appeal is from a determination of a deficiency in income and profits taxes for the year 1918, less than $10,000.

At the hearing before the Board, counsel for the Commissioner moved to dismiss the appeal on the ground that the decision of this Board in the *Appeal of Gilliam Manufacturing Co.*, 1 B. T. A. 967, is *res adjudicata* on the questions involved in this appeal.

From oral stipulations and reference to the records of this Board, the Board makes the following

### FINDINGS OF FACT.

taxes for the year 1919. The alleged error in that appeal was, in effect, an improper method of computing profit upon the sale of certain patents in the year 1919.

By an amended petition in that appeal, permitted over protest of the Commissioner, the taxpayer alleged that in 1918 it had suffered a loss in bad debts in the amount of $10,000, thus decreasing invested capital in that amount for the year 1919, and thus affecting the taxes for 1919. Evidence was taken on the nature of the alleged bad debt, as well as disposition of same by the taxpayer.

The Board rendered the following decision:

The deficiency should be determined in accordance with the following opinion. Final decision will be settled on consent or on 10 days' notice in accordance with Rule 50.

In the opinion in that appeal, on the issue of said bad debt, the Board said:

With respect to the debt of McKinley, alleged to have been ascertained to have become worthless in 1918 and for which a deduction in that year is claimed, the Board is not convinced, from the facts, that the said debt was ascertained to be worthless in that year. McKinley signed an affidavit in which he stated that on February 1, 1915, he was connected with the Gilliam Manufacturing Company and about that date secured $10,000 from the company; that this amount was immediately turned over to B. T. Steiner and that he had no knowledge as to whether it was retained by him or turned back to the company. After the discovery of the fact that McKinley had secured the money from the corporation he surrendered the stock which he had purchased and gave securities to guarantee the payment of the amount due by him. He was retained in the employ of the company until 1918 when he resigned. When he left the company all of the securities which he had given, including the land, were turned back to him. There is no evidence that the securities which were given back to him were worthless or that the taxpayer corporation made any effort to realize on such assets before they were turned back to McKinley or to ascertain the value thereof. There is no evidence that the assets given as security were not sufficient to save the taxpayer from loss if it had undertaken to realize thereon. A taxpayer is not permitted voluntarily to surrender securities not known to be worthless and given for the purpose of protecting it from loss on an indebtedness and charge off the debt. The fact that McKinley surrendered the stock on which he had paid $10,000, the fact that all the property which he had given for the purpose of indemnifying the taxpayer against loss was surrendered to him voluntarily when he left the company, and the fact that the taxpayer had no knowledge as to the value of the assets and made no effort to realize thereon, lead the Board to the conclusion that there was no actual bona fide debt existing when the amount was charged off on the books. The taxpayer is, therefore, not entitled to a deduction on account of a debt ascertained to be worthless.

The McKinley debt referred to in said opinion is the same bad debt forming the basis of the instant appeal, and the appellant is also the same in both cases.

DECISION.

The motion to dismiss the appeal is sustained.

OPINION.

LOVE: The general doctrine of *res adjudicata* is too well known and too well recognized to require any discussion. It is only the question of its application in the instant case that demands some remarks.

The peculiar questions at issue here are:

(1) Is a decision by the Board on a question of fact involved in an appeal as to taxes for the year 1919 *res adjudicata* in regard to that same fact which forms the basis for an appeal as to taxes for the year 1918?

(2) Is a decision by this Board under Rule 50 such a final decree as to constitute a basis for a plea of *res adjudicata?*

It seems to be the uniform holding of the Federal courts, wherever the question has arisen, that where the existence or nature of a fact was directly in issue in a former suit and was there judicially passed upon and determined by a court of competent jurisdiction, such judgment is conclusive as to such fact on all parties to that suit. 23 Cyc. 1215.

Applying that doctrine to the instant case, it will be noted that the same parties are involved, and the same fact is in issue, that is, the alleged bad debt charged off in 1918. A decision has been rendered in regard to that fact.

It is contended by counsel for the taxpayer that the decision in the former appeal, being what is known as a Rule 50 decision, it is not a final decree, such as will constitute a basis for the plea of *res adjudicata.*

While it may be true that in some instances where a Rule 50 decision is made there may remain open for adjudication some question or questions on which negotiations fail to bring about an agreement, yet, nevertheless, the questions of fact and of law adjudicated in that decision are deemed final.