*274 OPINION.
Love:
The general doctrine of res adjudicata is too well known and too well recognized to require any discussion. It is only the question of its application in the instant case that demands some remarks.
The peculiar questions at issue here are:
(1) Is a decision by the Board on a question of fact involved in an appeal as to taxes for the year 1919 res adjudicata in regard to that same fact which forms the basis for an appeal as to taxes for the year 1918 ?
(2) Is a decision by this Board under Bule 50 such a final decree as to constitute a basis for a plea of res adjudicata?
It seems to be the uniform holding of the Federal courts, wherever the question has arisen, that where the existence or nature of a fact was directly in issue in a former suit and was there judicially passed upon and determined by .a court of competent jurisdiction, such judgment is conclusive as to such fact on all parties to that suit. 23 Oyc. 1215.
Applying that doctrine to the instant case, it will be noted that the same parties are involved, and the same fact is in issue, that is, the alleged bad debt charged off in 1918. A decision has been rendered in regard to that fact.
It is contended by counsel for the taxpayer that the decision in the former appeal, being what is known as a Bule 50 decision, it is not a final decree, such as will constitute a basis for the plea of res adjudi-cata.
While it may be true that in some instances where a Bule 50 decision is made there may remain open for adjudication some question • or questions on which negotiations fail to bring about an agreement, yet, nevertheless, the questions of fact and of law adjudicated in that decision are deemed final.